IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GLEN R. SHEPARD, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 14-0427-CV-W-ODS |
| ) | Crim. No. 06-00384-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION (1) DENYING RESPONDENT'S MOTION TO DISMISS, (2) DENYING MOVANT'S REQUEST FOR POSTCONVICTION RELIEF AND (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Pending is the Government's motion to dismiss, which contends Movant's request for postconviction relief is untimely. The Court denies the Government's motion but rules in favor of the Government on the merits. The Court also declines to issue a Certificate of Appealability.

I.

Movant was charged in a Superseding Indictment with one count each of being a felon in possession of ammunition and being an unlawful methamphetamine user in possession of a firearm, both in violation of provisions in 18 U.S.C. § 922. The Superseding Indictment further alleged Movant was an armed career criminal ("ACC") under 18 U.S.C. § 924(e)(1). Trial commenced, but Movant pleaded guilty to both counts after opening statements were delivered.

Under section 924(e)(1), a defendant is an armed career criminal if he is convicted of a firearm-related offense under section 922 and has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ." The Presentence Investigation Report ("PSR") identified five qualifying felony convictions, two more than necessary to support Movant's classification as an armed career criminal. The five convictions were:

- Jackson County, Missouri conviction for second degree burglary in
- Jackson County, Missouri conviction for aggravated assault
- Cass County, Missouri conviction for possession of a controlled substance with intent to distribute and possession of a controlled substance with intent to sell
- Jackson County, Missouri conviction for first degree tampering
- Johnson County, Kansas conviction for involuntary manslaughter

The sentencing hearing was held on June 26, 2008. The Court overruled Movant's objection to his classification as an armed career criminal and calculated Movant's adjusted offense level to be 30 and his Criminal History Category to be VI (based on a total of fourteen criminal history points). This yielded a guideline range of 168 to 210 months' imprisonment, but Movant's status as an armed career criminal triggered a statutorily-mandated minimum sentence of 180 months. The Court sentenced Movant to 180 months.

Movant appealed, and among the issues raised was whether Movant's prior convictions for manslaughter, burglary, and auto tampering were violent felonies for purposes of the statute. The Court of Appeals rejected Movant's arguments with respect to the manslaughter and burglary convictions. The court then noted that this meant Movant had four qualifying convictions, so there was no need to address whether the tampering conviction was a violent felony. Movant's sentence was affirmed. United States v. Shepard, No. 08-2469 (8th Cir. Aug. 6, 2009).

## II.

Movant initiated this proceeding on or about May 1, 2014 (depending on when he placed the motion in the prison mail system), alleging that the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), demonstrated that his convictions for manslaughter, burglary, and auto tampering were not violent felonies. The Government contends the motion for postconviction relief is untimely because it was not filed within one year of the conviction becoming final as required by 28 U.S.C. § 2255(f). However, that provision states the one-year period runs from the latest of four events, one of which is "the date on which the right asserted was initially recognized by

2

the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Government recognizes Movant relies on this provision but does not argue it is inapplicable. The Government merely "does not concede that *Descamps* is a retroactive right," Doc. # 5 at 6, but at the same time does not argue that it is not retroactive – which means the issue of section 22255(f)(3)'s applicability has not been fully addressed by the parties. Instead, the Government contends *Descamps* is inapplicable to the facts of this case – which is an issue related to the merits and not timeliness generally or the applicability of section 2255(f)(3) specifically. The timeliness issue has not been argued; the Court expresses no opinion as to the timeliness of the motion and the Government's motion to dismiss is denied.

III.

Timeliness is not jurisdictional, and it is permissible to proceed to the merits when doing so promotes judicial economy. E.g., Trussell v. Bowersox, 447 F.3d 588, 591 (8th Cir. 2006); Burkhalter v. United States, 203 F.3d 1096, 1097 (8th Cir. 2000). The Court deems it appropriate to address the merits because they are the focus of the Motion to Dismiss and Movant has responded to that argument.

Movant is not entitled to relief because there is no doubt that he has at least three prior violent or drug-related convictions. He does not dispute that his convictions for assault and drug offenses qualify as predicate offenses under section 924(e)(1); this gives him two qualifying convictions. He has a third qualifying conviction if any of his other convictions are "violent" felonies. A crime is a violent felony if it "has as an element the use, attempted use, or threated use of physical force against the person of another" or if "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious penitential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

Movant's conviction for second degree burglary is a violent felony. In a case remanded for reconsideration in light of *Descamps*, the Eighth Circuit held that a conviction for second degree burglary under Missouri law qualifies as a crime of

3

violence.  United States v. Olsson, 742 F.3d 855 (8th Cir.), cert. denied, No. 13-10685 (Oct. 6, 2014).  Thus, Movant has three prior convictions violent or serious drug offenses and qualifies as an armed career criminal regardless of whether the manslaughter and tampering convictions qualify as violent felonies.[1]

## IV.

In order to appeal, Movant must first obtain a Certificate of Appealability.  The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Petition because the issues are fresh in the Court's mind and efficiency is promoted.  See Rule 11(a), Rules Governing Section 2255 Proceedings.  28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right."  This requires Petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted).

There is no dispute that Movant has two qualifying convictions under section 924(e).  In light of Olsson, there is no doubt that Movant's conviction for second degree also qualifies under section 924(e).  There is no basis for debate or disagreement amongst jurists, and further proceedings are not warranted.

---

[1] The Government invites the Court to hold Movant's manslaughter conviction still counts as a violent felony based on the Eighth Circuit's ruling on direct appeal – but that decision was decided before – and thus did not have the benefit of – *Descamps*.  In light of the Court's discussion there is no need to determine whether the manslaughter conviction qualifies as a violent felony in light of *Descamps* and the Court expresses no opinion on the matter.

4

<u>V.</u>

The Motion to Dismiss is denied.  The motion for postconviction relief is denied. The Court declines to issue a Certificate of Appealability.

IT IS SO ORDERED.


DATE: October 23, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT